**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK VINATIERI, | No. 11-16922 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-03854-RS |
| v. | |
| AARON MOSLEY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted April 16, 2013
San Francisco, California

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[**] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**] The Honorable John R. Tunheim, United States District Judge for the District of
Minnesota, sitting by designation.

Plaintiff Patrick Vinatieri appeals from the district court's order dismissing, without leave to amend, Vinatieri's claims brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo dismissals for failure to state a claim. Johnson v. Lucent Techs. Inc., 653 F.3d 1000, 1010 (9th Cir. 2011). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff failed to allege sufficiently "the existence of an agreement or meeting of the minds to violate constitutional rights" to survive the motion to dismiss his § 1983 conspiracy claims against Defendant Aaron Mosley. See Crowe v. Cnty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (internal quotation marks omitted). At most, Plaintiff's second amended complaint demonstrates that Mosley was friendly with the Vallergas family and was frequently involved in the parties' disputes in a law enforcement capacity. The pleadings do not support a claim for a § 1983 conspiracy because they do not establish that Mosley conspired with the Vallergas to engage in the August 30 beating or that any connection between the Defendants stemmed from an agreement to deprive Plaintiff of his constitutional rights. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929-30

2

(9th Cir. 2004) (dismissing a complaint where it was "devoid of any discussion of an agreement amongst the appellees to violate [appellant's] constitutional rights").

Plaintiff's equal protection claim against Mosley also fails because Plaintiff did not establish that he was "intentionally treated differently from others similarly situated." See SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). Plaintiff's second amended complaint contains no facts showing that Mosley's failure to arrest the Vallergas was an improper exercise of Mosley's discretion or otherwise constituted unconstitutional, differential treatment. See Elliot-Park v. Manglona, 592 F.3d 1003, 1006-08 (9th Cir. 2010).

Because Plaintiff failed to allege a § 1983 conspiracy adequately, his claims against Defendant Arnold Vallerga, a private party, must be dismissed. See Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 783 (9th Cir. 2001) ("Because § 1983 creates liability for deprivations of federal rights 'under color of state law,' [private] defendants cannot be liable unless they conspired or acted jointly with state actors to deprive the plaintiffs of their constitutional rights.").

Finally, the dismissal of Plaintiff's § 1983 claims without leave to amend is proper because the district court had previously provided Plaintiff with the opportunity to amend, and Plaintiff failed to allege facts that, if true, would entitle him to relief. See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir.

3

2010) ("A district court may deny a plaintiff leave to amend . . . if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." (citations omitted)).

**AFFIRMED.**